IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN ARMELIN ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-2425-D |
| VS. § | |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, AS TRUSTEE, § | |
| IN TRUST FOR REGISTERED § | |
| HOLDERS OF LONG BEACH § | |
| MORTGAGE LOAN TRUST 2005- § | |
| WL1, ASSET-BACKED § | |
| CERTIFICATES, SERIES § | |
| 2005-WL1, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an attempted foreclosure, defendants Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates, Series 2005-WL1 ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("SPS") move for summary judgment. For the reasons that follow, the court grants the motion and dismisses this action.

I

In March 2005 plaintiff Karen Armelin Robinson ("Robinson") and her husband Tyho Robinson obtained a home equity loan ("Loan") in the amount of $108,000 on residential

property located in Cedar Hill, Texas (the "Property").[1] Robinson signed a promissory note ("Note") and secured the indebtedness by executing a deed of trust ("Deed of Trust") that encumbered the Property for the benefit of Long Beach Mortgage Company ("Long Beach"). Deutsche Bank contends that the Loan was later sold or assigned to it, that it currently holds the Note, and that SPS services the Loan. After Robinson defaulted on the Loan, defendants' foreclosure counsel sent Robinson a notice of acceleration and notice of substitute trustee sale, with a sale date of September 4, 2018.

On August 31, 2018 Robinson filed the instant lawsuit in Texas county court. Her original petition and application for temporary restraining order alleges that the Dallas County land records do not reflect any assignment of her mortgage from Long Beach to Deutsche Bank; that the Note does not bear an indorsement or allonge; that the appointment of substitute trustee was signed by the Document Control Officer of SPS, with SPS acting as attorney-in-fact for Deutsche Bank and purporting to appoint various persons as substitute trustees; and that the notice of substitute trustee's sale is unsigned by any putative trustee and threatens a sale of the Property. Robinson asserts that neither Deutsche Bank nor SPS has the clear capacity as "mortgagee" under Tex. Prop. Code Ann. § 51.0001 (West 2014) to appoint substitute trustees or to effect a foreclosure sale of the Property; that defendants

---

[1] In deciding defendants' motion for summary judgment, the court views the evidence in the light most favorable to plaintiff as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

violated the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. §§ 392.001-404 (West 2016); that defendants failed to comply with Tex. Prop. Code Ann. § 51.002; and, in the alternative, that defendants breached the contractual terms of the Deed of Trust. Robinson seeks injunctive and declaratory relief, compensatory and exemplary damages, and attorney's fees and costs.

Defendants removed the case to this court based on diversity of citizenship and now move for summary judgment on all claims asserted against them. Robinson opposes the motion.

II

When a party moves for summary judgment on claims on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d

at 1076.

III

The court turns first to Robinson's claim that defendants violated Tex. Prop. Code Ann. § 51.002(d) and (b) and breached the contractual terms of the Deed of Trust.

A

Defendants have produced evidence in the form of Robinson's loan records indicating that she has failed to perform her contractual obligation to remain current on her mortgage payments. Robinson has failed to identify evidence to the contrary. She therefore lacks evidence that would enable a reasonable trier of fact to find in her favor on an essential element of her breach of contract claim. *See Metcalf v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 2399369, at *10 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) (citing *Obuekwe v. Bank of Am., N.A.*, 2012 WL 1388017, at *5 (N.D. Tex. Apr. 19, 2012) (Means, J.)) (holding that plaintiff "[could not] state a claim for breach of the deed of trust because [plaintiff] admit[ted] that she defaulted on the loan," and therefore could not demonstrate that she performed her duties under the contract); *Owens v. Bank of Am., NA*, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012) (dismissing breach of contract claim because "plaintiffs have undisputedly not performed their contractual obligations because they have not stayed current on their mortgage payments")). This alone is a sufficient basis on which to grant summary judgment on the claim. *See, e.g., Lewis v. Bank of Am., N.A.*, 343 F.3d 540, 544-45 (5th Cir. 2003) (requiring proof of all four elements of breach of contract claim).

B

To the extent Robinson intends to plead a claim for a violation of Tex. Prop. Code Ann. § 51.002(b) and (d), this claim fails as a matter of law because "[§] 51.002 . . . does not provide a private right of action." *Walker v. Willow Bend Mortg. Co.*, 2019 WL 1569683, at *6 (N.D. Tex. Apr. 11, 2019) (Fitzwater, J.) (quoting *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017)); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) ("Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action."). The court therefore grants defendants' motion for summary judgment on this claim.[2]

IV

The court now turns to Robinson's capacity- and notice-related TDCPA claims.

A

Robinson alleges that, due to defects in the chain of assignments, Deutsche Bank lacks authority to foreclose, and therefore Deutsche Bank and/or SPS acted wrongfully in sending the notice of acceleration and notice of substitute trustee's sale. Robinson also asserts that defendants lacked capacity to send her the pre-foreclosure notices required by Tex. Prop.

---

[2]Although defendants do not rely on this ground as a basis for summary judgment—which would normally require that the court to raise it *sua sponte* and afford Robinson an opportunity to respond—Robinson concedes in her summary judgment response that "there is no private right of action under the Property Code." P. Br. 5. The court therefore can grant summary judgment on this basis without awaiting an opposition response from Robinson.

Code Ann. § 51.002 because of these same defects in the chain of title. Finally, Robinson avers that defendants did not actually send her the required notices. Robinson maintains that all of these actions and omissions violated Tex. Fin. Code Ann. § 392.301(a)(8). To prevail on this claim at trial, Robinson must prove either (1) that defendants lacked capacity to foreclose, or (2) that defendants did not send sufficient notice to her before the scheduled foreclosure sale.

B

Defendants are entitled to summary judgment on these TDCPA claims to the extent they are premised on the allegation that defendants lack capacity to foreclose. "Under the Texas Property Code, a party has standing to initiate a non-judicial foreclosure sale if the party is a mortgagee." *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 941 (5th Cir. 2018) (citing Tex. Prop. Code Ann. §§ 51.002, 51.0025). A mortgagee includes, among others, the owner or holder of a security instrument, such as a deed of trust, mortgage, or other contract lien on an interest in real property. *See* Tex. Prop. Code Ann. § 51.0001(4), (6); *see also* Tex. Bus. & Com. Code § 3.301 (West 2002) (a person entitled to enforce an instrument means, *inter alia*, "the holder of the instrument.").

> Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note."

*SGK Props.*, 881 F.3d at 941 (quoting *Campbell v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 1839357, at *4 (Tex. App. May 18, 2012, pet. denied)) (mem. op.) (citing Tex. Bus. &

Com. Code Ann. § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien.")).

Defendants maintain that Deutsche Bank holds the Note, endorsed in blank, and that Deutsche Bank is therefore legally entitled to enforce the mortgage. A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Com. Code Ann. § 1.201(b)(21)(A). "A person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation." *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App. 2004, no pet.) (citing Tex. Bus. & Com. Code Ann. § 3.201 cmt. 1). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Tex. Bus. & Com. Code Ann. § 3.205(b); *see also Kiggundu v. Mortg. Elec. Registration Sys., Inc*., 469 Fed. Appx. 330, 331 (5th Cir. 2012) (per curiam) ("Because the note was endorsed in blank and the [defendant] was in possession of the note, under Texas law, the [defendant] was entitled to collect on it." (citations omitted)); *Perdomo v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 1123629, at *4 (N.D. Tex. Mar. 18, 2013) (Lynn, J.) ("Under Texas law, a holder of a note indorsed in blank is presumed to be entitled to enforcement of the instrument merely by showing possession of that instrument. Such a holder is not also required to establish an unbroken chain of title.").

The evidence defendants submit in support of their motion for summary judgment

demonstrates that Deutsche Bank is a legal holder of the Note under Texas law. First, Deutsche Bank possesses the Note, as indicated by the sworn copy of the instrument attached to its motion.³ Second, appended to the Note is an allonge that contains an endorsement in blank by Long Beach, the original lender. Because the Note itself demonstrates that the statutory prerequisites for effective negotiation of the Note have been satisfied, and because Robinson neither argues nor presents evidence that Deutsche Bank is *not* a holder of the Note, the court concludes that Deutsche Bank is a holder of the Note and therefore a mortgagee under Texas law.

In her response brief, Robinson contends that the summary judgment evidence establishes "the apparent absence of an assignment of the claimed note and lien to Deutsche [Bank]." P. Br. 2. As explained above, however, Deutsche Bank's mere possession of the Note is sufficient to prove that Deutsche Bank is entitled to collect on it. *Green v. JPMorgan Chase Bank, N.A.*, 937 F.Supp.2d 849, 861 (N.D. Tex. 2013) (Godbey, J.). Moreover, as stated above, "under Texas law, the mortgage follows the note." *Id.* (quoting *Kiggundu*, 469 Fed. Appx. at 332).

---

³Although Robinson contends that the affidavit of Mark Syphus ("Syphus") fails to properly authenticate the Note, Robinson does not appear to dispute that Deutsche Bank is, in fact, in possession of the Note. Moreover, the evidence is properly authenticated under Fed. R. Evid. 901. Syphus avers that the documents are "true and correct cop[ies]." Ds. App. 4. This evidence is "sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). In addition, the documents are admissible under Fed. R. Evid. 1003 because no genuine question has been raised as to the authenticity of the original or the unfairness of admitting the duplicate.

> That is, the Deed [of Trust]—the lien securing the debt—traveled with the Note to [Deutsche Bank]. The fact that there is no evidence in the summary judgment record demonstrating how [Deutsche Bank] obtained possession of the Note, and therefore the Deed [of Trust], does not raise a fact issue as to [Deutsche Bank]'s authority to collect on the Note or enforce the terms of the Deed [of Trust], including by foreclosing on the Property.

*Id.*; *see also SGK Props.*, 881 F.3d at 942 ("[B]ecause Texas follows the common-law maxim that the mortgage follows the note, U.S. Bank was, as holder, entitled to foreclose on the property as holder of the note even if the assignment of the Deed of Trust was void."); *Kiggundu*, 469 Fed. Appx. at 332 ("It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it.").

In short, the summary judgment evidence demonstrates that Long Beach validly indorsed the Note in blank. Deutsche Bank, as the bearer of the Note, and SPS, as servicer of the Loan, are therefore entitled to collect on it. Accordingly, the court grants defendants' motion for summary judgment on Robinson's TDCPA claims to the extent they are premised on the allegation that defendants lack authority to foreclose.[4]

---

[4]Robinson challenges defendants' evidence on the ground that their affidavit does not indicate whether Syphus examined the original Note and Deed of Trust, or whether he instead examined electronic copies of the original documents. This argument seems to derive from the so-called "show-me-the-note" theory: the notion that if a bank or mortgage servicer does not have the borrower's original, wet-ink signature note, it cannot foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). But the Fifth Circuit has unequivocally rejected this theory. *See id.* at 254. Thus even if there is a genuine dispute as to whether Syphus examined the original, wet-ink loan documents, the dispute is immaterial because it does not affect defendants' authority to foreclose.

C

Defendants are also entitled to summary judgment on these TDCPA claims to the extent they are premised on the allegation that defendants never sent the required pre-foreclosure notices.

Sections 51.002(b) and (d) of the Texas Property Code require that certain forms of notice be given to borrowers before a foreclosure sale. Under § 51.002(d), the loan servicer must send the borrower "written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." Then, at least 21 days before the date of the sale, the borrower must be served with written notice of the sale itself—also by certified mail. *See* Tex. Prop. Code Ann. § 51.002(b)(3).

Defendants have introduced summary judgment evidence that would only enable a reasonable trier of fact to find that SPS provided the required notice to Robinson, thereby negating an essential element of Robinson's claims. SPS sent Robinson a notice of default on December 20, 2016 that gave Robinson 30 days to cure.[5] On August 7, 2018 defendants' foreclosure counsel sent a notice of acceleration and notice of sale to Robinson by certified mail, informing her of the scheduled foreclosure sale. These notices are sufficient to satisfy

---

[5]Although defendants have not introduced evidence that this notice was sent by certified mail, Robinson does not challenge whether it was.

§ 51.002,⁶ and Robinson has offered no evidence to the contrary. Defendants are therefore entitled to summary judgment insofar as Robinson's claims rely on the allegation that she never received the statutorily-required notices.⁷

V

Having disposed of Robinson's capacity- and notice-related claims, the court now turns to the remainder of Robinson's TDCPA claims.⁸

A

Robinson alleges that defendants "failed to properly account for and acknowledge payments," and "demanded Plaintiff pay one or more sums above the amounts provided by the Note and Deed of Trust," in violation of Tex. Fin. Code Ann. §§ 392.303(a)(2), 392.304(a)(8) and 302.304(a)(19). Pet. ¶¶ 5(b)(1), 5(c)(1)-(2). In moving for summary judgment, defendants submit Robinson's loan payment history, which they contend shows

---

⁶The evidence adduced by defendants also provides an additional ground to dismiss Robinson's breach of contract and Property Code claims, which are based on the same interrelated factual allegations. *See* Pet. ¶¶ 6-7.

⁷In her response brief, Robinson contends that the representations defendants made in posting the Property for trustee sale, based on notices of acceleration of the Note, were deceptively made, in violation of Tex. Fin. Code Ann. § 392.403(a)(19), because there had not been predicate notices of default and opportunity to cure. For the same reasons explained in this section, Robinson has failed to create a genuine issue of fact on her § 392.403(a)(19) claim based on any failure by defendants to provide the statutorily-required notices.

⁸In her response brief, Robinson contends that defendants violated Tex. Fin. Code Ann. § 392.303(a)(3) by filing the notice of trustee sale with the County Clerk of Dallas County. Robinson has not pleaded a claim, however, for violation of § 392.303(a)(3). Accordingly, the court will not address whether defendants' filing the notice of substitute trustee sale violated any provision of the TDCPA.

that all payments that Robinson made were properly applied and that no demands have been made beyond the amounts authorized under the Loan. In response, Robinson contends:

> Defendants plainly charged Plaintiff per Syphus Affidavit . . . for the expenses associated with their wrongfully issued trustee sale notice and the accompanying acceleration notice. Since there had been no mandatory, unavoidably necessary notice of default and opportunity to cure, there could have been no lawfully issued acceleration or trustee sale notice, hence the charges for the same were each and all wrongful and constituted damages.

P. Br. 8.

To the extent that Robinson bases her TDCPA claim on defendants' charging her for expenses associated with the notice of substitute trustee sale and notice of acceleration, the court has already concluded that neither the August 7, 2018 notice of acceleration nor the August 7, 2018 notice of substitute trustee sale was wrongfully issued. Defendants, as mortgagee and mortgage servicer, had the authority to foreclose, *see supra* § IV(B), and the pre-foreclosure notices sent to Robinson were proper under the Property Code, *see id.* § IV(C). Any charges associated with the pre-foreclosure notices were authorized under the terms of the Loan[9] and were therefore authorized under Tex. Fin. Code Ann. § 392.303(a)(2), which prohibits a debt collector from "collecting or attempting to collect interest or a charge,

---

[9]Robinson has not identified any specific charge associated with the notice of substitute trustee sale or notice of acceleration that she maintains was unlawful. Regardless, the Note specifically provides that "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law." Ds. App. 32.

- 12 -

fee, or expense incidental to the obligation *unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation* or legally chargeable to the consumer." *Id.* (emphasis added).

To the extent that Robinson bases her TDCPA claim on some other alleged demand for payment in excess of the amounts authorized under the Loan or some other failure with respect to defendants' accounting for payments, she has failed to present any argument or evidence that would enable a reasonable jury to find that defendants violated the TDCPA, as pleaded in her original petition. Accordingly, defendants are entitled to summary judgment on this claim.

B

Robinson also alleges that defendants violated provisions of the TDCPA—specifically, Tex. Fin. Code Ann. § 302.304(a)(8) and (19)—by failing to honor representations by Washington Mutual, a successor entity to Long Beach, that the Loan would be modified or was modified to include a second lien.[10] Tex. Fin. Code Ann. § 302.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt,

---

[10]In her response brief, Robinson argues that defendants also violated Tex. Fin. Code Ann. § 392.304(a)(8) by misrepresenting that they could lawfully accelerate and post the Property for a trustee's sale, even though the predicate notice of default and opportunity to cure had not been given by an entity with capacity, and by demanding payment of the fees associated with the wrongful postings. Assuming *arguendo* that these allegations constitute a misrepresentation of "the character, extent, or amount of a consumer debt," *id.*, the court has already concluded that defendants had the authority to foreclose, *see supra* § IV(B), and that the fees defendants charged were authorized by the terms of the Loan and Tex. Fin. Code Ann. § 392.303(a)(2), *see supra* § V(A).

or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Robinson has neither pleaded nor provided evidence that defendants ever misrepresented the character, extent, or amount of her debt. *See, e.g., Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 (5th Cir. 2012) ("[D]iscussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of [a] debt." (second alteration in original)). Moreover, "[c]ommunications in connection with the renegoation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus they do not state a claim under Section 392.304(a)(19)." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015); *see also Singha v. BAC Home Loans Servicing, L.P.*, 564 Fed. Appx. 65, 71 (5th Cir. 2014) (per curiam) (holding that communications during a protracted loan modification process "are not communications in connection with *collection* of a debt."). Accordingly, the court grants defendants' motion for summary judgment on this claim.

C

Robinson alleges that defendants violated Tex. Fin. Code Ann. § 392.303(a)(2) by "threaten[ing] to conduct one or more substitute trustee's sales of the Property." Pet. ¶ 5(b)(2). As stated above, § 392.303(a)(2) forbids "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." The court has not found, and Robinson has not presented, any authority for the proposition that a foreclosure qualifies as "interest or a

charge, fee, or expense incidental to" a mortgage loan. Defendants are therefore entitled to summary judgment on Robinson's TDCPA claim in this respect.[11]

\* \* \*

For the reasons explained, the court grants defendants' May 14, 2019 motion for final summary judgment and enters judgment today in favor of defendants dismissing this action with prejudice.

**SO ORDERED**.

August 30, 2019.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[11]Robinson seeks various forms of relief premised on the viability of the claims discussed above. She requests, *inter alia*, injunctive relief, a declaratory judgment that any substitute trustee's deed to the Property is void, statutory damages, actual damages, and attorney's fees. Because defendants are entitled to summary judgment on all of Robinson's substantive claims, Robinson's requests for relief are denied.