IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN ARMELIN ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-2425-D |
| VS. § | |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, AS TRUSTEE, § | |
| IN TRUST FOR REGISTERED § | |
| HOLDERS OF LONG BEACH § | |
| MORTGAGE LOAN TRUST 2005- § | |
| WL1, ASSET-BACKED § | |
| CERTIFICATES, SERIES § | |
| 2005-WL1, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Karen Armelin Robinson's ("Robinson's") motion for "new trial," which is properly deemed a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, is denied.[1]

---

[1] As the court has explained in cases like *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.):

> [a]lthough denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Id.* at *1.

I

This is a removed action in which Robinson alleges various claims arising from the attempted foreclosure of her residence. On August 30, 2019 the court granted defendants' motion for summary judgment and entered a final judgment in their favor. *Robinson v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 4139399, at *7 (N.D. Tex. Aug. 30, 2019) (Fitzwater, J.) (*Robinson I*). On September 27, 2019 Robinson filed the instant motion for "new trial" in which she appears to request that the court reconsider its decision in *Robinson I* based on the following argument: the Appointment of Substitute Trustees was signed by Jaren French ("French") as Document Control Officer, claiming to act for defendant Select Portfolio Servicing, Inc. ("SPS") as attorney-in-fact for defendant Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates, Series 2005-WL1 ("Deutsche Bank"); plaintiffs' loan does not appear in the list of agreements to which Deutsche Bank's limited power of attorney applies; French, attempting to act for SPS, did not have the authority as attorney-in-fact for Deutsche Bank to appoint the substitute trustees; and "the absence of authority for the trustees necessarily means that the acts of such trustees in signing, posting and mailing of such notices were of no lawful effect." P. Mot. 2 (footnote omitted). Because Robinson raises a new argument that could have been made before, and because this argument lacks merit, the court denies Robinson's motion.

II

"Motions for reconsideration have a narrow purpose and are only appropriate to allow

a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (citation and internal quotation marks omitted); *see Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 2468712, at *1 (N.D. Tex. Aug. 25, 2006) (Fitzwater, J.) (stating standard for motion for reconsideration). The same standard applies to a Rule 59(e) motion to alter or amend the judgment. *See, e.g., Schwartz v. Int'l Fed'n of Prof'l & Tech. Eng'rs*, 2008 WL 324133, at *1 (N.D. Tex. Jan. 29, 2008) (Fitzwater, C.J.) (holding that court did not commit manifest error of law or fact, and denying Rule 59(e) motion), *aff'd*, 306 Fed. Appx. 168 (5th Cir. 2009). Such motions are "not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *AMS Staff Leasing*, 2005 WL 3148284, at *3 (citation and internal quotation marks omitted).

III

A

Although Robinson contends in her summary judgment response brief that "[i]t is reasonable for the Court to infer . . . in the absence of . . . a sufficient power of attorney to support the execution of the appointment of substitute trustees or the notices of acceleration and trustee's sale, that the claim of Deutsche to be mortgagee with respect to the Loan is unfounded and hence the claim of SPS to be the mortgage servicer is unfounded,"[2] she does

---

[2]This statement is included in the section entitled, "Essential Facts Are Undisputed." P. Br. 2.

not explain why the Limited Power of Attorney included in defendants' summary judgment appendix is "[in]sufficient." P. Br. 2. Nor does she argue, as she does in her motion for new trial, that the acts of the substitute trustees in signing, posting, and mailing notices "were of no lawful effect" due to a defect in the Limited Power of Attorney executed by Deutsche Bank. P. Mot. 2. In her motion for new trial, Robinson is now attempting to rely on a new argument that she should have presented in opposition to defendants' summary judgment motion. She provides the court with no reason why this argument, which is based on evidence contained in defendants' summary judgment appendix, could not have been raised in response to defendants' summary judgment motion. Accordingly, the court declines to consider it.

B

Even if the court were inclined to consider Robinson's new argument, it lacks merit. Robinson contends that the Deutsche Bank Limited Power of Attorney states that it applies only to the agreements listed on Exhibit A, and that Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates, Series 2005-WL1 "does *not* appear in Exhibit A to such power of attorney." P. Mot. 2. The court disagrees. Page 3 of Exhibit A to the Limited Power of Attorney specifically refers to Long Beach Mortgage Loan Trust 2005-WL1 Asset-Backed Certificates, Series 2005-WL1. *See* Ds. App. 19. Accordingly, Robinson's argument based on the contention the substitute trustees did not have the capacity to act as attorney-in-fact for Deutsche Bank because her Loan was not included in Deutsche Bank's Limited Power of Attorney is misplaced.

\*   \*   \*

Having considered Robinson's motion, the court is not persuaded that its decision in *Robinson I* granting summary judgment in favor of defendants is in error. Accordingly, Robinson's September 27, 2019 motion for new trial is denied.[3]

**SO ORDERED**.

October 9, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]After this memorandum opinion and order was written, but before it was filed, defendants filed a response in opposition to Robinson's motion. Because the court did not consider the response when deciding the motion for new trial, it need not await the filing of a reply brief by Robinson before issuing a ruling.